**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   HERMAN M. AUSTERO, JR. AND MARIE            No. C-11-00490 JCS
    C. AUSTERO,
9                                               **ORDER GRANTING DEFENDANT'S**
                                                **MOTION TO DISMISS WITH LEAVE**
10              Plaintiffs,                      **TO AMEND**
            v.                                   **[Docket No. 9]**
11
    AURORA LOAN SERVICES, INC. ET AL.,
12
                Defendant.
13   _____/

14

15  I.      **INTRODUCTION**

16          Plaintiffs Herman Austero, Jr. and Marie Austero ("Plaintiffs") filed this action on January 6,

17  2011, alleging seven causes of action against Defendant Aurora Loan Services ("Defendant").[1]  The

18  action was initiated in the Superior Court of California, County of Contra Costa, and removed to the

19  Federal District Court for the Northern District of California.  The Complaint alleges: 1) fraud in the

20  inducement; 2) unconscionability; 3) unfair lending practices; 4) constructive fraud; 5) negligence;

21  6) predatory lending practices; and 7) "TILA/HOEPA/RESPA/REGULATION Z/HUD."  Following

22  removal, Defendant filed a Motion to Dismiss ("Motion") seeking dismissal of all claims.  Plaintiffs

23  oppose the Motion.  Plaintiffs have also filed two motions, "Motion for Consideration to Set Aside

24  Foreclosure Proceeding and Void any Granting of Trustee's Deed Upon Sale and Conveyance of

25  Plaintiffs' Property" and  "Application to the Court to Approve Lis Pendens."

26

27  _____

28          [1]Defendant states in its Motion that Plaintiffs have erroneously sued Aurora Loan Services, Inc.
    rather than Aurora Loan Services, LLC.  Dkt. No. 9, Memo of Points and Authorities at 1.

A hearing on the Motion was held on April 8, 2011 at 9:30 a.m.  For the reasons explained below, the Court GRANTS Defendant's Motion to Dismiss WITH LEAVE TO AMEND.[2]  The Plaintiffs' motions are DENIED WITHOUT PREJUDICE.

## II.    BACKGROUND

### A.    Factual Background[3]

In 2004, Plaintiffs purchased their primary residence located at 1510 Fairview Avenue, Brentwood, California.  Compl. ¶ 6.  Plaintiffs refinanced their property on June 23, 2006 with Paul Financial, LLC.  *Id.* at ¶ 7.  According to documents attached to Defendant's Request for Judicial Notice ("RJN"), Plaintiffs executed a promissory note and Deed of Trust to secure a loan for $868,000.00.  Dkt No. 9 (RJN), Exhibit A.  The beneficiary under the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Paul Financial, LLC.  *Id.* at 2.  In January of 2008, Plaintiffs experienced financial hardships and immediately contacted Aurora Loan Services for mortgage relief.  Compl. at ¶ 8.  On February 19, 2009, foreclosure proceedings commenced.  *Id.* at ¶ 9.  A "Notice of Default" attached as Exhibit C, to Defendant's RJN, provides that a Notice of Default and Election to sell under the Deed of Trust was executed by Quality Loan Service Corporation, as agent for the beneficiary under the Deed of Trust.  Dkt. No. 9, Exhibit C. The document provides that the amount of the default was $15,805.73.00.  *Id.*  Also on February 19, 2009, MERS executed a Substitution of Trustee that substituted Quality Loan Service Corporation as the trustee, recorded in the Contra Costa Country Recorder's Office on April 3, 2009.  Dkt No. 9, Exhibit D.  A Notice of Trustee's Sale was executed by Quality Loan Services and recorded on December 17, 2010.  Dkt. No. 9, Exhibit E.  Further, an assignment of the Deed of Trust was

---

[2]The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

[3]The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996) (on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint are true).

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1  executed by which MERS assigned all beneficial interest to Aurora Loan Services.  Dkt No. 9,

2  Exhibit E.

3        Plaintiffs allege that they entered into several special forbearance workout agreements with

4  Aurora Loan Services but that Aurora "failed their promise." *Id*. at ¶ 20.  Plaintiffs allege that they

5  fulfilled their promise to pay according to the workout agreements and that the workout agreement

6  specified that "after the customer makes the second payment, it shall be the customer's

7  responsibility to provide Aurora Loan Services with accurate and complete financial information in

8  support of the borrower's request for a loan modification or other workout option." *Id*. at ¶ 21.

9  Plaintiffs allege that they fulfilled the workout agreement and completed the "cure method"

10 agreement and loss mitigation program. *Id*. at ¶¶ 21, 22.  Plaintiffs allege that "as a direct and

11 proximate result, [they] suffered emotional distress, public embarrassment, sleepless nights, fear of

12 losing the house, stress, nervousness, and quality of life has been lost." *Id*. at ¶ 23.

13       **B.        The Complaint**

14       Plaintiffs assert seven causes of action including fraud in the inducement, unconscionability,

15 unfair lending practices, constructive fraud, negligence, predatory lending practices, and one titled

16 "TILA/HOEPA/RESPA/REGULATION Z/HUD."  Compl. ¶¶ 24-63.  The fraud in the inducement

17 claim asserts that Plaintiffs and Defendant are parties to workout agreements and that Defendant

18 breached the covenant of good faith and fair dealing. *Id*. at ¶¶ 25, 26.  Plaintiffs allege that

19 Defendant breached state and federal law. *Id* at ¶ 27.  Plaintiffs' claim for unconscionability consists

20 of allegations that Defendant's special forbearance agreements were "overreaching and unjust,"

21 "outrageously unfair," and "substantive unconscionability [sic]." *Id*. at ¶¶ 30-32.  In Plaintiffs'

22 unfair lending practices claim, they allege that "Defendant approved [a] 'low-document' home

23 loan;" Plaintiffs' "loan has a prepayment penalty;" Plaintiffs' "loan is [a] 'stated-income' loan;" and

24 "Defendant willfully engages in unfair lending practices." *Id*. at ¶¶ 35-38.  Plaintiffs' claim for

25 constructive fraud alleges that Defendant abused Plaintiffs' trust; the contract is unfair and

26 deceptive; and "the mortgage broker misrepresented the Plaintiffs" and concealed material facts

27

28                                          3

United States District Court

For the Northern District of California

about the loan. *Id.* at ¶¶ 41-44.  Plaintiffs' negligence claim alleges that Defendant "owed Plaintiff[s] a duty of care" and "breach of duty, [sic] constitutes negligence in this jurisdiction." *Id.* at ¶¶ 47, 48.  Plaintiffs' predatory lending practices claim alleges: (1) "Plaintiffs are minorities;" (2) "Defendant approved the loan without verifying income;" (3) "Defendant approved the loan based on equity in the house;" (4) "Defendant 'pad[s]' the borrower's income;" and (5) "mortgage servicing abuse." *Id.* at ¶¶ 51-55.  Plaintiffs' seventh claim entitled "TILA/HOEPA/RESPA/REGULATION Z/HUD" is based on allegations that the "loan has prepayment penalties" and "high cost mortgage with deferred payment." *Id.* at ¶¶ 61, 62.  Plaintiffs allege for each cause of action that as a direct and proximate result of Defendant's acts, "Plaintiffs suffered sleepless nights, emotional distress, nervousness, emotional embarrassment, public embarrassment, quality of life has been lost." *Id.* at ¶¶ 28, 33, 39, 45, 49, 56, 63.

### C.       The Motion to Dismiss

Defendant argues that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to allege facts sufficient to constitute a cause of action against Defendant.  Motion at 1.  Defendant argues that Plaintiffs lack standing to bring any cause of action because they "failed to allege the present ability to tender or to make an actual tender of the principle amount owed in cash or cash equivalent." *Id.*

Defendants assert that the Plaintiffs' first and fourth causes of action for fraud in the inducement and constructive fraud fail to state claims because under Federal Rule of Civil Procedure 9(b), a cause of action for fraud must be pled with particularity. *Id.* at 4.  Defendant argues that Plaintiffs have not identified a single statement or misrepresentation made by Defendant, nor have they "identified any false statements made by Aurora, the name of the person who spoke, his or her capacity to speak, the person to whom the speech was addressed, what was said, and when it was said," as required in a fraud action against a corporation. *Id.*

Defendant argues that Plaintiffs' second claim for unconscionability should be dismissed because the question of whether a contract is unconscionable is one of law, not fact, to be determined by the Court. *Id.* at 5.  Defendant argues that the concept of unconscionability requires a

4

**United States District Court**

For the Northern District of California

showing of both a procedural and a substantive element, and that "Plaintiffs have failed to present even a scintilla of factual support." *Id*. at 5-6.

Defendant argues that Plaintiffs' third claim alleging unfair lending practices should be dismissed because Plaintiffs have "fail[ed] to provide any factual support with their allegation." *Id*. at 6. Defendant argues that Plaintiffs have not demonstrated that Defendant had any general duty or obligation, "[s]pecifically, that Aurora failed some duty to ensure that Plaintiffs were not placed in a loan that they could not perform." *Id*. Defendant argues that Plaintiffs "are trying to establish a fiduciary duty where one does not exists [sic]." *Id*. Further, "[t]he relationship between Plaintiff and Aurora is defined in the contract, which is contained in the note and deed of trust, the terms of which were bargained for by Plaintiffs. A loan servicer or assignee does not have an obligation to investigate Plaintiffs' financial condition and well-being when it did not participate in the origination of the loan." *Id*. Defendant argues that it was not the original lender, and as such, any duty of "suitability" does not apply. *Id.* at 6-7.

Defendant argues that Plaintiffs' fifth claim for negligence should be dismissed because Defendant does not owe Plaintiffs a "special" duty. *Id.* at 7. Defendant further argues that Plaintiffs' negligence claim is an improper attempt to convert a contract claim into a tort and is not a proper cause of action. *Id.* at 7-8.

With respect to the sixth claim, Defendant argues that Plaintiffs' predatory lending practices claim should be dismissed because Defendant did not originate the loan and did not participate in negotiations concerning the loan. *Id.* at 9. Further, Plaintiffs' claim fails because Plaintiffs did not identify what terms they did not understand or that they were induced to sign the documents based on duress or fraud. *Id.*

Finally, Defendant argues that Plaintiffs' seventh claim entitled "TILA/HOEPA/RESPA/REGULATION Z/HUD" should be dismissed because none of the federal statutes recited in the caption state a claim upon which relief can be granted. *Id.* at 9. Plaintiffs do not identify what disclosures were omitted. *Id.* Defendant argues that it is not a "creditor" within the meaning of TILA and therefore Plaintiffs cannot state a claim for relief against Defendant. *Id.* Defendant argues that because "Aurora was not the party initially payable on the face of the Note

and Deed of Trust executed by Plaintiffs, and instead was the servicer of the loan, Aurora is not a creditor under TILA or Regulation Z." *Id.* at 9-10.  Defendant also argues that Plaintiffs failed to allege that there were any violations on the face of the TILA disclosure statements. *Id.* at 10. Defendant further argues that Plaintiffs' claim fails because they have not demonstrated an ability to tender the balance due on the Note, as required under TILA for rescission. *Id.*  Because Plaintiffs cannot meet their obligation by paying the principal if Defendant were to release its lien, Plaintiffs have not and cannot rescind their mortgage loan. *Id.*  Defendant also argues that Plaintiffs' claim for damages under TILA is barred by the statute of limitations because they must file suit within one year of the date of the alleged violation, and Plaintiffs did not file suit until nearly four years after the statute of limitations had expired. *Id.* at 11-12.

With respect to Plaintiffs' reference to HOEPA, Defendant argues that Plaintiffs cannot state a claim for HOEPA because nothing in the complaint alleges Plaintiffs have a high-cost mortgage that would trigger HOEPA coverage. *Id.* at 12-13.

Similarly, Defendant argues that Plaintiffs' purported claim under RESPA is barred as a matter of law because RESPA § 2604, which encompasses the requirement to provide an accurate good faith estimate, does not create a private cause of action. *Id.* at 13.

### D.    Requests for Judicial Notice

Defendant has filed two Requests for Judicial Notice ("RJN") in support of the Motion to Dismiss. Dkt No. 9, Exhibit 2; Dkt No. 17, Exhibit A.  Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of a fact that is not "subject to reasonable dispute" because "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a).  Judicial notice "may be taken at any stage of the proceeding." Fed. R. Evid. 201(f).  Further, judicial notice is mandatory "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Defendant first asks the Court to take judicial notice of the following documents:

Exhibit "A"    Deed of Trust executed on June 23, 2009, recorded on June 30, 2009, in the Contra Costa County Recorder's Office as Instrument Number 2006-0208238-00.

| | |
|---|---|
| Exhibit "B" | Deed of Trust executed on June 23, 2009, recorded on June 30, 2009, in the Contra Costa County Recorder's Office as Instrument Number 2009-0208239-00. |
| Exhibit "C" | Notice of Default executed on February 19, 2009, recorded on February 19, 2009, in the Contra Costa County Recorder's Office as Instrument Number 09-34618. |
| Exhibit "D" | Substitution of Trustee executed on February 19, 2009, recorded on April 3, 2009, in the Contra Costa County Recorder's Office as Instrument Number 09-71718. |
| Exhibit "E" | Notice of Trustee's Sale executed on December 7, 2010, recorded on December 17, 2010, in the Contra Costa County Recorder's Office as Instrument Number 10-286634. |
| Exhibit "F" | Corporate Assignment of Deed of Trust executed on December 14, 2010, recorded on December 21, 2010, in the Contra Costa County Recorder's Office as Instrument Number 10-289427. |

Dkt. No. 9.

Defendant's second request for judicial notice asks the Court to take judicial notice of the following document:

| | |
|---|---|
| Exhibit "A" | California Secretary of State Website Page for Aurora Loan Services LLC. |
| | Dkt. No. 17. |

The documents marked as Exhibits A - F in Docket No. 9, Exhibit 2 and Docket No. 17, Exhibit A are matters of public record. Therefore, the Court takes judicial notice of Defendant's exhibits on the basis that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Standard Havens Products, Inc. v. Gencor Industries, Inc*., 897 F.2d 511, 514 (Fed. Cir. 1990) (citing *Massachusetts v. Westcott*, 431 U.S. 322, 323 n. 2, 97 (1977) (public records "may be judicially noticed"). Defendant's requests are GRANTED.

**E.     Plaintiffs' Opposition to Motion and Request to Stay the Proceedings Pending Arbitration**

In their Opposition, Plaintiffs move the Court to stay proceedings against Aurora Loan Services "pending of all necessary and related arbitration proceedings" "[p]ursuant to Section 3 of

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*,"[4] and argue that the motion to dismiss should be denied. Opp. at 1. Plaintiffs argue that the Motion should be denied because they successfully state a claim against Aurora Loan Services and complied with the notice pleading system under the Federal Rules of Civil Procedure. *Id.* at 9, 10. Plaintiffs then assert that Defendant has no legal right or standing to foreclose because Defendant is not the "lender" as identified in the Deed of Trust or Note executed by Plaintiffs on the date of loan origination. *Id.* at 2. Plaintiffs argue that they have "no idea who [Defendant is] or upon what authority [it] claim[s] the right to foreclose on their home." *Id.* Plaintiffs argue that the foreclosure is in violation of their due process rights under the Fifth and Fourteenth Amendments. *Id.*

Plaintiffs argue that on June 23, 2006 they refinanced their primary home and that the "beneficiary under the Deed of Trust was MERS ... as nominee of Paul Financial, LLC, for first and second loan." *Id.* at 4. Plaintiffs argue that MERS is the named beneficiary and nominee, and has no rights to transfer and no legal standing to foreclose based on California Civil Code § 2932.5. *Id.* at 6-7. Plaintiffs argue that based on this statute, assignment is a requirement for enforcing foreclosure.[5] *Id.* at 7. Plaintiffs ask that "[i]f MERS is the foreclosing authority but has no entitlement to payment of money, how could they foreclose?" *Id.* MERS is not a party to this case.

Plaintiffs also filed a response to Defendant's RJN, asking the Court to deny Defendant's RJN regarding Defendant's Exhibit "A" and to take judicial notice of Plaintiffs' Exhibit A. Dkt No. 20 (Plaintiffs' Response) at 4. Plaintiffs apparently refer to Defendant's Exhibit A from Docket No. 17 which is a printout from the California Secretary of State website for a business entity search for "Aurora Loan Services ***LLC***" (emphasis added). Response, Exhibit 1 at 2. In Plaintiffs' Complaint, they attached an Exhibit A which is a printout of the California Secretary of State website for a business entity search for "Aurora Loan Services, ***Inc***."(emphasis added) and also provided a copy

---

[4]Plaintiffs do not provide any further facts or authority for their request to stay the proceedings. The Motion is DENIED.

[5]Plaintiffs' claim pursuant to § 2932.5 fails because California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. *See Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862, 880 (N.D.Cal. July 16, 2010).

United States District Court
For the Northern District of California

of this same document with their own RJN.  Response, Exhibit 1 at 1.[6]  Plaintiffs' document is of public record and the Court GRANTS Plaintiffs' request for judicial notice and DENIES Plaintiffs' request to deny Defendant's RJN.

## III.     ANALYSIS

### A.     Motion to Dismiss

#### 1.     Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  Generally, a plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  However, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable theory."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original)).  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  For purposes of resolving a Rule 12(b)(6) motion, courts accept all allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party.  *Nat'l Wildlife Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir. 1995).

---

[6]The proper entity is "Aurora Loan Services LLC," not  "Aurora Loan Services, Inc."  "Aurora Loan Services LLC" appears in documents provided by both Plaintiffs and Defendants.  The Plaintiffs' Complaint includes exhibits with "Aurora Loan Services LLC."  *See* Notice of Removal, Exhibit A ("Complaint"), Attachments C, D, E, G, and H.  Defendant's Motion also includes documents that state "Aurora Loan Services LLC."  *See* Motion, Exhibits E and F.  It appears that Plaintiffs have made a mistake in alleging "Aurora Loan Services, Inc." and their arguments in their Opposition to the Motion regarding not knowing "who [Aurora is]" are unfounded.  Defendant further addresses this issue in its Reply to Plaintiffs' Opposition arguing that Plaintiffs continue to "ignore the simple fact that Aurora is not the same entity as Aurora Loan Services, Inc."  Dkt. No. 17 (Reply) at 1.

United States District Court

For the Northern District of California

2.      **Fraud in the Inducement[7] and Constructive Fraud** - Claims 1 & 4

a.      **Legal Standard**

The elements of a fraud claim in California are: (1) misrepresentation; (2) knowledge of the falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  The plaintiff must include "the who, what, when, where, and how" of the fraud.  *Id.* at 1106 (citations omitted).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false."  *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994).  A claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

"Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement."  *Diaz v. Federal Express Corp.*, 373 F.Supp.2d 1034, 1066 (C.D.Cal. June 21, 2005) (citations omitted).  The implied covenant of good faith and fair dealing is a supplement to an existing contract and does not impose duties upon the parties prior to the formation of a contract.  *McClain v. Octagom Plaza, LLC*, 159 Cal.App.4th 784, 799 (Ct. App. 2008).  In order to state a claim for breach of the implied covenant of good faith and fair dealing, the party must allege facts that "go beyond the statement of a mere contract breach."  *Careau & Co v. Security Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).  In addition, the conduct allegedly committed must have been prompted by a "conscious and deliberate act, which unfairly frustrate[d]" the purposes of the parties' contract.  *Id.*  In the context of mortgage foreclosures, courts applying California law have generally been reluctant to permit borrowers to assert claims arising out of forbearance agreements such as the one that is at issue in this case, whether styled as

---

[7]Plaintiffs' fraud in the inducement claim alleges that "Defendant breached the covenant of good faith and fair dealing." Compl. ¶ 26.  The Court construes Plaintiffs' fraud claim to include this breach and not as a separate claim. The legal standard for breach of the implied covenant of good faith and fair dealing is included below.

1   claims for breach of contract, conversion or fraud.  *See, e.g. Mehta v. Wells Fargo Bank, N.A.*, 737

2   F.Supp.2d 1185 (S.D.Cal. Aug. 26, 2010) (holding that plaintiff could not state a claim for breach of

3   contract based on promise to delay foreclosure sale); *Smith v. National City Bank*, 2010 WL

4   1729392 (N.D.Cal. April 27, 2010) (holding that plaintiff failed to state a claim for breach of

5   contract based on forbearance agreement); *Newgent v. Wells Fargo Bank, N.A.*, 2010 WL 761236

6   (S.D.Cal. March 2, 2010) (holding that plaintiff could not state a claim for conversion based on

7   promise to delay foreclosure if plaintiff submitted partial payment in specified amount); *Auerbach*

8   *v. Great Western Bank*, 74 Cal.App.4th 1172 (1999) (holding that plaintiff could not state a claim for

9   fraud claim based on promise to engage in negotiations to modify loan if plaintiffs continued to

10  make payments under deed of trust).

### b.       Application of the Law to the Facts

12          The Defendant argues that the Plaintiffs fail to meet the heightened pleading standard

13  required for alleging fraud pursuant to Rule 9(b).  The Court agrees.  Plaintiffs have not satisfied the

14  pleading standard for fraud because they have not provided any of the requisite details giving notice

15  to Defendant of what, specifically, they are alleged to have done.

16          Plaintiffs' conclusory statements that "Defendant breached the covenant of good faith and

17  fair dealing" and "Defendant breach [sic] of state law and federal law" (Compl. ¶¶ 26, 27) without

18  providing any facts to support these conclusions are not sufficient.  Furthermore, Plaintiffs have not

19  alleged a breach of contract giving rise to a claim for breach of the implied covenant of good faith

20  and fair dealing.  Accordingly, Defendant's motion to dismiss the fraud claims (Claims 1 & 4) is

21  GRANTED.  Plaintiffs' fraud claims are DISMISSED WITH LEAVE TO AMEND.

### 3.       Unconscionability - Claim 2

### a.       Legal Standard

24          Under California law, a contract is unconscionable if it is both procedurally and substantively

25  unconscionable.  *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citing

26  *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002); *Armendariz v.*

27  *Found. Health Psychare Servs., Inc.*, 24 Cal.4th 83, 102 (2000)).  A contract may be procedurally

28  unconscionable if it involves oppression or surprise.  *Id.* at 1171.  For example, in *Ingle*, the court

*United States District Court*
For the Northern District of California

concluded that the arbitration agreement was procedurally unconscionable because of the inequality of bargaining power between the employer and the potential employee, noting that job applicants could not modify the terms of the agreement, but rather, were required to either take it or leave it. *Id.* A contract is substantively unconscionable where it is "'so one-sided as to shock the conscience.'" *Id.* (citing *Kinney v. United Health Care Servs., Inc.*, 70 Cal.App.4th 1322, 1330 (1999).

California Civil Code § 1670.5(a) provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

"As [§ 1670.5] suggests, a finding of procedural unconscionability does not mean that a contract will not be enforced, but rather that courts will scrutinize the substantive terms of the contract to ensure they are not manifestly unfair or one-sided ... [T]here are degrees of procedural unconscionability. Although certain terms in these contracts may be construed strictly, courts will not find these contracts substantively unconscionable, no matter how one-sided the terms appear to be." *Flagship West, LLC v. Excel Realty Partners, L.P.*, 2010 WL 5329874 at * 27 (E.D.Cal. Dec. 20, 2010)

### b.      Application of the Law to the Facts

Plaintiffs' allegations of unconscionability are conclusory statements of the law that do not state a claim. Plaintiffs allege that Defendant's forbearance agreements were "overreaching," "unjust," "outrageously unfair," and "substantive unconscionability [sic]." Compl. ¶¶ 30, 31, 32. Plaintiffs do not provide any facts to support this claim, nor do they identify how the loan contract is either procedurally or substantively unconscionable. Therefore, Defendant's Motion to Dismiss this claim is GRANTED WITH LEAVE TO AMEND.

### 4.      Unfair Lending Practices - Claim 3

Plaintiffs do not identify the California statute(s) on which they base their unfair lending practices claim. The Court construes Plaintiffs' third claim as a claim brought pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.*

#### a.    Legal Standard

The Rosenthal Act is intended to "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1 (legislative findings and purpose). In addition to setting forth its own standards governing debt-collection practices, the Rosenthal Act also provides that, with limited exceptions, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of" the federal Fair Debt Collection Practices Act ("FDCPA"). Cal. Civ. Code § 1788.17.   One of the FDCPA provisions that is incorporated into the Rosenthal Act is the bar prohibiting debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," found in Section 1692e of the federal FDCPA.  *See* 15 U.S.C. § 1692e.

Under the Rosenthal Act, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).  "Debt" is defined as "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person."  Cal. Civ. Code § 1788.2(d).  As a number of courts have recognized, the definition of "debt collector" is broader under the Rosenthal Act than it is under the FDCPA, as the latter excludes creditors collecting on their own debts.  *See Herrera v. LCS Financial Services Corp.*, 2009 WL 5062192, at *2  (N.D.Cal. Dec. 22, 2009) (Henderson, J.) (noting that plaintiff brought a claim under the Rosenthal Act against both defendants but asserted federal debt collection practices claim against only one defendant because "[t]he federal definition [of debt collectors] excludes creditors collecting on their own debts, 15 U.S.C. § 1692a(6), an exclusion that does not appear in the state statute, Cal. Civ. Code § 1788.2(c)"); *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D.Cal. 2008) ("The definition of 'debt collector' in the state statute is broader than that contained in the FDCPA, however").  Thus, a mortgage servicer may be a "debt collector" under the Rosenthal Act even if it is the original lender, whereas, such an entity would be excluded from the definition of debt collector under the federal act.  *See Herrera,* 2009 WL 5062192, at *2.

Numerous courts have held that the mere allegation that a defendant foreclosed on a deed of trust does not implicate the Rosenthal Act. *See, e.g.*, *Sipe v. Countrywidebank*, 2010 WL 2773253 (E.D.Cal. July 13, 2010)("the law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the [Rosenthal Act]"); *Pittman v. Barclay Capital Real Estate, Inc*., 2009 WL 1108889 (S.D.Cal., April 24, 2009) (same); *Ines v.Countrywide Home Loans, Inc*., 2008 WL 4791863 (S.D.Cal. Nov. 3, 2008) (same).  Where the claim arises out of debt collection activities "beyond the scope of the ordinary foreclosure process," however, a remedy may be available under the Rosenthal Act. *See e.g., Walters v. Fidelity Mortgage of California, Inc*., 2010 WL 3069341, at *15 (E.D.Cal. Aug. 4, 2010) (holding that mortgage servicer that regularly billed plaintiff and collected payments on her mortgage debt was a "debt collector" under the Rosenthal Act and that the plaintiff stated a claim under the Rosenthal Act based on allegation that mortgage servicer engaged in pattern of improper conduct that ultimately resulted in foreclosure).

 Regarding Defendant's inference that Plaintiffs raise a "suitability" claim, "California law does not extend the suitability doctrine to the mortgage lender-borrower relationship." *Phillips v. MERS*, 2009 WL 3233865 at *3 (E.D.Cal. Oct. 02, 2009).  "Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances." *Wagner v. Benson*, 101 Cal.App.3d 27, 34 (1980).  The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect." *Id.* at 34 (lender lacked duty to disclose "any information it may have had").

### b.       Application of the Law to the Facts

Plaintiffs' complaint alleges unfair lending practices in that "Defendant approved [a] 'low-document' home loan;" "Plaintiff's [sic] loan has a prepayment penalty;" and "Plaintiff's [sic] loan is [a] 'stated-income' loan."  Compl. ¶ 35-37.  Plaintiffs fail to include facts to support a claim.  Furthermore, Defendant's non-judicial foreclosure proceeding did not extend beyond the scope of an ordinary foreclosure process and therefore does not implicate the Rosenthal Act as discussed above.  This claim is DISMISSED WITH LEAVE TO AMEND.

United States District Court

For the Northern District of California

### 5. Negligence - Claim 5

#### a. Legal Standard

To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vazquez v. Residential Invs., Inc.*, 118 Cal.App.4th 269, 278 (2004). As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095-96 (1991) (citations omitted).

In California, the test for determining whether a financial institution exceeded its role as money lender and thus owes a duty of care to a borrower-client involves "the balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." *Id.* at 1098.

#### b. Application of the Law to the Facts

Plaintiffs' allegations of negligence are that "Defendant owed Plaintiff a duty of care" and "breach of duty, [sic] constitutes negligence in this jurisdiction." Compl. ¶¶ 47, 48. Here, Plaintiffs do not allege sufficient facts that a duty of care exists or that Defendant exceeded its role as a money lender. Plaintiffs' incomplete recitation of two elements required for a negligence claim does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). This claim is DISMISSED WITH LEAVE TO AMEND.

**United States District Court**
For the Northern District of California

6.    **Predatory Lending Practices  - Claim 6**

a.    **Legal Standard**

Plaintiffs do not indicate under which statute they bring their claim for predatory lending practices.  However, under California law, Financial Code § 4970, *et seq.*, prohibits predatory lending practices pertaining to "covered loans."  Section 4970 provides:

(b) "Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:

(1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.

(2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

b.    **Application of the Law to the Facts**

Plaintiffs allege no facts indicating that the subject loan qualifies as a "covered loan" under § 4970.  Plaintiffs' factual allegations in support of their predatory lending practices claim are: 1) "Plaintiffs are minorities;" 2) "Defendant approved the loan without verifying income;" 3) "Defendant approved the loan based on equity in the house;" 4) "Defendant 'pad[s]' the borrowers' income;" and 5) "Mortgage servicing abuse."  Compl. ¶¶ 51-55.   The allegations fail to meet the pleading requirements of Rule 8(a) and are inadequately pled.  Plaintiffs fail to cite any relevant statute or law under which Defendant's alleged behavior is prohibited.  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555.  As such, Plaintiffs' claim for predatory lending fails.  Accordingly, the Court GRANTS Defendant's Motion to Dismiss WITH LEAVE TO AMEND as to Plaintiffs' claim for predatory lending practices.  The Court instructs Plaintiffs that any amended claim for predatory lending must allege (1) why the subject loan qualifies as a covered loan under § 4970; and (2) the predatory lending practices that Defendant is alleged to have engaged in.

**United States District Court**
For the Northern District of California

### 7.     "TILA/HOEPA/RESPA/REGULATION Z/HUD[8]" - Claim 7

#### a.     Legal Standard for TILA/HOEPA/REGULATION Z/HUD[9]

The Truth in Lending Act ("TILA") is a consumer protection statute that aims to "avoid the uninformed use of credit." 15 U.S.C. §1601(a). TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The statute is remedial in nature, and is therefore to be construed broadly in favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). Even "technical or minor violations" of TILA (or its regulations) may give rise to liability on the part of the creditor. *Valdez v. America's Wholesale Lender*, 2009 WL 5114305 at *2 (N.D.Cal. Dec. 18, 2009) (citations omitted).

TILA focuses not only upon the form of a disclosure, but also its accuracy. *Id.* at *3 (the adequacy of TILA disclosures is to be assessed "from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board Member, a federal judge, or an English professor.") (citing *Smith v. Cash Store Mgmt*., 195 F.3d 325, 327-28 (7th Cir. 1999) (internal quotations omitted).

Congress delegated the task of "elaborat[ing] and expand[ing] the legal framework governing commerce in credit" to the Federal Reserve Board, which "executed its responsibility by promulgating Regulation Z," codified at 12 C.F.R. Part 226. *Ford Motor*, 444 U.S. at 560. A loan disclosure violation under TILA triggers two potential remedies for a borrower: damages, 15 U.S.C. § 1640, and rescission, 15 U.S.C. § 1635. Subsection 1635(b) governs the return of money when a borrower exercises the right to rescind under TILA (*see* 12 C.F.R. § 226.23(a)(3)).

---

[8]Plaintiffs do not identify in their Complaint any "HUD" provisions allegedly violated, nor does Defendant address it in its Motion. The "HUD" claim appears to be included in error and should be stricken from the Complaint. Fed. R. Civ. P. 12(f).

[9]Plaintiffs' claim under RESPA is discussed separately below.

**United States District Court**

For the Northern District of California

1    Judge O'Neill of the Eastern District of California recently granted a defendant mortgage

2  company's motion to dismiss the plaintiffs' TILA rescission claim because the complaint failed to

3  address the plaintiffs' ability to tender loan proceeds and thereby fulfill the consumer's tender

4  obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d).  *Garza v. American Home Mortg.*,

5  2009 WL 188604 at *5  (E.D.Cal. Jan. 27, 2009).  The court held that, due to this failure, the

6  complaint lacked a necessary element of a TILA rescission claim.  *Id.*

7    However, as the Ninth Circuit has recognized, "in applying TILA, 'a trial judge ha[s] the

8  discretion to condition rescission on tender by the borrower of the property he has received from the

9  lender.'"  *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) (citing *Ljepava v.*

10  *M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1974)).  The decision falls within the court's

11  equitable discretion, "taking into consideration all the circumstances including the nature of the

12  violations and the borrower's ability to repay the proceeds."  *Id.* at 1173.

13    Judge Guilford of the Central District of California has clarified that the Ninth Circuit's

14  decision in Yamamoto stands only for the proposition that courts have "'equitable discretion to

15  modify rescission procedures.'"  *Avila v. Stearns Lending, Inc.*, 2008 WL 1378231 at *2 (C.D.Cal.

16  April 7, 2008) (quoting *Yamamoto*, 329 F.3d at 1173).  Judge Guilford recognized that courts have

17  invoked this equitable discretion to grant the consumer the opportunity to fulfil their tender

18  obligation over an extended period of time.  *Id.*  As he explained, "[t]his discretion can be exercised

19  in favor of lenders, by requiring borrowers to make a showing of their ability to pay a lump sum, or

20  in favor of borrowers, by allowing them to fulfill their tender obligations by making payments over

21  time."  *Id.* (citing *In re Stuart*, 367 B.R. 541, 552 (Bankr. E.D.Pa. 2007)).

22    The statute of limitations for a damages claim under TILA is one year, and generally runs

23  from the date the loan documents are executed.  15 U.S.C. § 1640(e); *See Meyer v. Ameriquest*

24  *Mortg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003).  "The one-year bar may be tolled.  However, to show

25  that tolling is appropriate, a plaintiff would need to establish that she could not have discovered her

26  claims before she brought them despite using reasonable diligence."  *Ancheta v. Golden Empire*

27  *Mortg., Inc.,* 2008 WL 826177 *3 (N.D.Cal. Mar.7, 2011).  The Home Owner's Equity Protection

28

1  Act ("HOEPA"), which is an amendment to TILA, is also subject to the same one year statute of

2  limitations under 15 U.S.C. § 1640(e).  15 U.S.C. § 1640(e).

3  **b.      Application of the Law to the Facts**

4       Plaintiffs' allegations under TILA/HOEPA are that the "[l]oan has prepayment penalties"

5  and "high cost mortgage with deferred payment."  Compl. ¶¶ 61, 62.  Defendant argues that this

6  claim must be dismissed because Plaintiffs have failed to allege facts sufficient to state a claim

7  against Defendant.  Specifically, Defendant argues that it is not a "creditor" within the meaning of

8  TILA, but rather a servicer of the loan and not liable.  Defendant also argues that Plaintiffs have not

9  demonstrated an ability to tender and that any claim for damages under TILA is barred by the statute

10 of limitations.  The Court agrees that the TILA claim is time-barred.  Plaintiffs signed their Deed of

11 Trust on June 23, 2006, but did not bring suit until January 6, 2011.  Plaintiffs have not provided any

12 facts to support tolling.  If Plaintiffs choose to amend their complaint to reassert their right to

13 rescission under Regulation Z of TILA, 12 C.F.R. § 226.23(a)(3), Plaintiffs must address their

14 ability to tender the amount of the loan for the purposes of rescission and show facts to support

15 tolling.

16      Plaintiffs do not identify any TILA or HOEPA provisions allegedly violated, and do not

17 allege facts detailing how Defendant allegedly violated TILA or HOEPA.  Plaintiffs fail to state a

18 claim under TILA or HOEPA.  If Plaintiffs intend to state a claim for violation of a provision of

19 TILA or HOEPA, they must identify what section or sections of the law were violated and by what

20 acts of Defendant.  Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

21 **c.      Legal Standard for RESPA**

22      A claim under the Real Estate Settlement Procedures Act ("RESPA") applies to "federally

23 related mortgage loan[s]" and must be made within one to three years after consummation of the

24 loan.  12 U.S.C. § 2614.  "The RESPA statute of limitations generally begins to run no later than the

25 date of actual disclosure of actions constituting an alleged violation.  Typically, in cases involving

26 loan documents, the statute begins to run when the documents are signed unless evidence is

27 presented to override this assumption."  *Metcalf v. Drexel Lending Grp*., 2008 WL 4748134, at *3

28 (S.C.Cal. Oct. 29, 2008).  Numerous California district courts have concluded that no private right of

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

action exists for violation of § 2604. *See e.g. Bassett v. Ruggles*, 2010 WL 1525554, *9 (E.D.Cal. Apr.15, 2010) (finding § 2604 does not authorize a private remedy); *Kerr v. American Home Mortg. Servicing, Inc*., 2010 WL 3743879, *1 (S.D.Cal. Sept. 23, 2010) ("Courts have consistently held ... there is no private right of action for alleged RESPA disclosure violations during the loan origination process."); *Pagtalunan v. Reunion Mortg. Inc*., 2009 WL 961995, *3 (N.D.Cal. Apr.8, 2009); *Agbabiaka v. HSBC Bank USA Nat'l Ass'n*, 2010 WL 1609974, *4 (N.D.Cal. Apr.20, 2010) ("There is no private right of action under RESPA for violations of Sections 2603 and 2604.").

**d.    Application of the Law to the Facts**

More than three years have passed since Plaintiffs signed the loan documents on June 23, 2006 and filed this action on January 6, 2011. Plaintiffs have not alleged any facts to support tolling.

This claim is time-barred. Furthermore, as discussed above, § 2604 does not provide Plaintiffs with a private right of action. Accordingly, Defendant's Motion to Dismiss Plaintiffs' RESPA claim is GRANTED WITHOUT LEAVE TO AMEND.

**IV.    CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is GRANTED as follows:

1) Defendant's Motion to Dismiss the fraud in the inducement and constructive fraud (Claims 1 & 4) is GRANTED WITH LEAVE TO AMEND.

2) Defendant's Motion to Dismiss the unconscionability claim (Claim 2) is GRANTED WITH LEAVE TO AMEND.

3) Defendant's Motion to Dismiss the unfair lending practices claim (Claim 3) is GRANTED WITH LEAVE TO AMEND.

4) Defendant's Motion to Dismiss the negligence claim (Claim 5) is GRANTED WITH LEAVE TO AMEND.

5) Defendant's Motion to Dismiss the predatory lending practices claim (Claim 6) is GRANTED WITH LEAVE TO AMEND.

6) Defendant's Motion to Dismiss the TILA/HOEPA/REGULATION Z/HUD claim (Claim 7) is GRANTED WITH LEAVE TO AMEND.

7) Defendant's Motion to Dismiss the RESPA claim (Claim 7) is GRANTED WITHOUT LEAVE TO AMEND.

Finally, Plaintiffs' "Motion for Consideration to Set Aside Foreclosure Proceeding and Void any Granting of Trustee's Deed Upon Sale and Conveyance of Plaintiffs' Property" is DENIED WITHOUT PREJUDICE.  The Plaintiffs essentially seek summary adjudication before discovery has commenced in this case.  The motion is therefore premature.  Similarly, Plaintiffs' "Application to the Court to Approve Lis Pendens" is premature.  Because the Court has dismissed Plaintiffs' case, the Court cannot determine whether Plaintiffs will be able to satisfy the requirements for lis pendens, *i.e.*, the probable validity of the claims.  The Plaintiffs' lis pendens application is DENIED WITHOUT PREJUDICE.  Plaintiffs shall file their First Amended Complaint, if any, within ten (10) days of this Order.  If they do not do so, the Clerk shall close the file.

IT IS SO ORDERED.

Dated: April 27, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California