1

2

3

4

5         UNITED STATES DISTRICT COURT

6         NORTHERN DISTRICT OF CALIFORNIA

7

8    HERMAN M. AUSTERO, JR. AND MARIE            No. C-11-00490 JCS
     C. AUSTERO,
9                                                **ORDER GRANTING DEFENDANT'S
                                                 MOTION TO DISMISS WITHOUT
10              Plaintiffs,                       LEAVE TO AMEND**
          v.
11                                               **[Docket No. 48]**

12   AURORA LOAN SERVICES, INC. ET AL.,

13              Defendant.
     _____/
14

15

16   **I.      INTRODUCTION**

17          Herman Austero, Jr. and Marie Austero ("Plaintiffs") filed the First Amended Complaint

18   ("Amended Complaint") in this action on May 6, 2011, alleging seven causes of action against

19   Defendant Aurora Loan Services, Inc. ("Aurora") and others.[1]  The Amended Complaint alleges:  1)

20   fraud in the inducement; 2) unconscionability; 3) unfair lending practices; 4) constructive fraud; 5)

21   negligence; 6) predatory lending practices; and 7) "TILA/HOEPA/REGULATION Z/HUD."

22   Defendant Aurora filed a Motion to Dismiss ("Motion") seeking dismissal of all claims.  Plaintiffs

23   oppose the Motion.

24          A hearing on the Motion was held on July 22, 2011, at 9:30 a.m.  For the reasons explained

25   below, the motion is GRANTED.

26

27          _____

28          [1]Plaintiffs and Aurora Loan Services, Inc. have consented to the jurisdiction of a magistrate
     judge pursuant to 28 U.S.C. § 636(c).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     BACKGROUND

### A.     Factual Background[2]

In 2004, Plaintiffs purchased their primary residence, located at 1510 Fairview Avenue, Brentwood, California.  Amended Compl., Adjustable Rate Note ("Note"), Ex. 1 at 1.  Plaintiffs refinanced their property on June 23, 2006 with Paul Financial, LLC.  *Id*.  Plaintiffs executed a promissory note and Deed of Trust to secure a loan for $868,000.00.  *Id*.  The beneficiary under the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Paul Financial, LLC, and the original trustee was Foundation Conveyancing, LLC.  Amended Compl., Deed of Trust, Ex. 1 at 2.

On February 19, 2009, MERS executed a Substitution of Trustee that substituted Quality Loan Service as the trustee, which was then recorded in the Contra Costa Country Recorder's Office on April 3, 2009.  Defendant's Request for Judicial Notice ("RJN"), Ex. D.  An Affidavit of Mailing is also included, stating that the Plaintiffs were mailed notification of the substitution pursuant to California Civil Code Sections 2924(b) and 2934.  *Id.*  On February 19, 2009, foreclosure proceedings also commenced– the "Notice of Default" provides that a Notice of Default and Election to Sell Under Deed of Trust was executed by Quality Loan Service, as agent for the beneficiary.  Defendant's RJN, Ex. C.  The Notice of Default provides that the amount of the default was $15,804.73.  *Id.*

On June 28, 2010, Plaintiffs received a letter from Aurora which included and explained a "Special Forbearance Agreement" ("Agreement").  Plaintiffs' RJN, Ex. L.  The Agreement stated that Aurora, as the "servicing agent and/or the owner and holder of a certain Note dated 06-29-06," would forbear "exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default," that such forbearance was requested by the Plaintiffs, and that the

---

[2]The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996) (on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint are true).

United States District Court

For the Northern District of California

terms of the Agreement would govern repayment of the overdue amounts.  *Id.* at 3-4.  The Agreement further stated that the terms did not constitute a waiver of the Lender's right to "commence or resume foreclosure proceedings" or to otherwise exercise their rights under the Note and Deed of Trust.  *Id.* at 5.  Plaintiffs allege that they complied with the Agreement in its entirety, but were informed before the Agreement expired that they were not qualified for continued modification because their loan amount exceeded government-mandated limits.  Amended Compl. at 17, ¶ 46.[3]

Notice of Trustee's Sale was executed on December 7, 2010 by Quality Loan Service, and recorded on December 17, 2010.  Defendant's RJN, Ex. E.  This Notice shows that the total amount owed on the Deed of Trust, including the unpaid balance and other charges, is $991,525.38.  *Id.* Further, an assignment of the Deed of Trust was executed on December 14, 2010, by which MERS assigned all beneficial interest to Aurora Loan Services.  Defendant's RJN, Ex. F.  The Plaintiffs' property was sold by public auction on February 28, 2011 to Aurora Loan Services for $997,447.57. Defendant's RJN, Ex. G.

Plaintiffs' original Complaint was filed January 6, 2011.  Defendant Aurora filed a Motion to Dismiss on February 9, 2011.  On April 27, 2011, the Court granted Defendant Aurora's Motion to Dismiss.  Plaintiffs were granted leave to amend all their claims.  Order Granting Motion to Dismiss with Leave to Amend at 2.

**B.      The First Amended Complaint**

Plaintiffs assert seven causes of action: (1) fraud in the inducement, (2) unconscionability, (3) unfair lending practices, (4) constructive fraud, (5) negligence, (6) predatory lending practices, and (7) one titled "TILA/HOEPA/REGULATION Z/HUD."  Amended Compl. 1.

The Plaintiffs' first claim, fraud in the inducement, asserts that Plaintiffs and Defendant are parties to a contract, wherein the parties to the loan failed to advise Plaintiffs that they were not

---

[3]   Due to inconsistent paragraph numbering in the Amended Complaint, citations for this document are to both page and paragraph number where necessary to maintain clarity.

**United States District Court**
For the Northern District of California

qualified for their loan, that the loan would be classified as "sub-prime" and thus securitized and sold, and that the "true terms of the loan" and other risks were concealed during the transaction. *Id.* at 12-14.  Plaintiffs further allege that "Defendants have no right to collect payments from Plaintiffs." *Id.* at 13-14.  Plaintiffs also state that the Defendant was "in a superior position" to know that the loans did not conform to industry standards, that the originators of the loan were "betting" that the loan would fail, and that Defendant is involved in a larger "nationwide scheme to artificially increase housing prices then unlawfully foreclose on residential house [sic]". *Id.* at 15, ¶ 36. Plaintiffs allege that they relied on the original parties' representations regarding the loan and that they would not have made payments if "the Defendants had properly disclosed the discharge of obligations on the notes to the investors." *Id.* at 16, ¶ 41.  The Plaintiffs here also allege that "all sums advanced to Plaintiffs for a loan by investors had been repaid, settled, satisfied or otherwise no longer standing [sic]" and that all funds obtained should be returned to the Plaintiffs. *Id.* at 16, ¶¶ 42-43.

Plaintiffs' second claim, for unconscionability, is based on their workout agreement with Aurora. *Id.* at 17, ¶ 46.  Plaintiffs allege that they made all payments under this agreement, but were informed after 9 months that they did not qualify for loan modification with the "government program" because their loan "exceeded the limit." *Id.*  They further allege "skyrocketing" monthly increases in fees, Aurora's continued acceptance of payments, and unexplained charges added to their bills, including late fees, legal fees, and "[c]orporate advances." *Id.* at 18, ¶ 46-49.

In Plaintiffs' third claim, for unfair lending practices and breach of covenant of good faith and fair dealing, they allege that Aurora led them to believe that Aurora would consider permanent loan modification, and that Plaintiffs relied on this possibility, resulting in their payment of the increasing monthly installments. *Id.* at 19, ¶¶ 2-4.  The harm alleged is the payment of increased rates and the submission of personal financial information, and the increased risk of foreclosure due to pursuit of the loan modification. *Id.* at 19, ¶¶ 5-6.  The Plaintiffs further allege within this claim that California Civil Code § 2924 is not intended to allow a third-party to a mortgage transaction to take title in a property by "filing a fraudulent document with the County Recorder's Office." *Id.* at 19, ¶ 8.  Plaintiffs include another section later in the First Amended Complaint regarding unfair

**United States District Court**

For the Northern District of California

lending practices and unfair business practices.  However, this section only contains allegations against MERS, who is no longer a defendant.  *Id.* at 21, ¶¶ 13-14.

Plaintiffs' fourth claim, for constructive fraud, alleges both fraud pertaining to Plaintiffs' specific loan and fraud as to the entire mortgage transfer system.  *Id.* at 24, ¶ 20.  The Plaintiffs allege that Defendant failed to follow basic legal requirements for the transfer "of negotiable of instrument [sic] and the transfer of an interest in real property," alleging that no parties to the foreclosure had the right to foreclose, and that the Plaintiffs were never informed of the assignment or transfer of the Note.  *Id.* at 24, ¶¶ 21-22.  They further state that the assignment that did occur was invalid due to "fraud, failure to provide Plaintiffs with the requisite disclosures, and violation of state and federal laws at the inception of the loan," rendering the sale of the Plaintiffs' home through non-judicial foreclosure invalid.  *Id.*

Plaintiffs' fifth claim, for negligence, is based on the allegation that Aurora foreclosed on their house negligently because the transfer of rights from MERS to Aurora was fraudulent.  *Id.* at 20-21, ¶¶ 9-11.

Plaintiffs' sixth claim is for predatory lending practices, alleging that Aurora never provided the Plaintiffs with proof that they were "proper parties authorized to enforce the terms of the Deed of Trust and Note." *Id.* at 25, ¶¶ 24.  Plaintiffs allege that the sale of the Note destroyed the Note's "negotiability," that payments Plaintiffs made were applied to other notes, and other payments were applied to Plaintiffs' Note, materially changing the terms of the Note.  *Id.* at 25, ¶¶ 25.  Plaintiffs further allege that Aurora has no legal interest in the Note, stating that the Note was not in Aurora's possession, Aurora is not listed as the lender on the Deed of Trust, that Aurora had no pecuniary interest in the Note, and that the foreclosure sale thus did not conform to California law.  *Id.* at 25, ¶¶ 26-28.

Plaintiffs' seventh claim is for violation of 15 U.S.C. § 1635(b), 15 U.S.C. §  1601, *et seq.*, and 12 C.F.R. § 226.1, *et seq.*, subtitled as: "TILA/HOEPA/REG Z/HUD."  This claim is based on allegations that the Plaintiffs were never informed of important information regarding their loan, including that their loan was to be securitized, what the finance charges on the loan were, and what the "Yield Spread Premium"was or how it would negatively affect their loan.  *Id.* at 28, ¶¶ 36-38.

They further assert that "deceptive practices" serve as the basis for these violations.  *Id.* at 29, ¶ 39.

Plaintiffs request declaratory judgment against the Defendant, stating that the Defendant has no right of foreclosure and that no parties are entitled to more payments from the Plaintiffs.  *Id.* at 30, ¶ 46.  Plaintiffs also request reformation of the loan agreements, either as an "unsecured Note" or through agreement with the proper entities, or partial or whole discharge of the Note.  *Id.* at 30, ¶¶ 47-48.  Plaintiffs also move to have title to the property quieted in their name until a party with the right to enforce the Deed of Trust emerges.  *Id.* at 31, ¶ 49.  Alongside these requests, Plaintiffs ask for damages under all federal and state law claims for an unspecified amount "to be shown at trial", for attorneys' fees, prejudgment interest, and costs, and for an injunction.  *Id.* at 31, ¶¶ 1-9.

### C.      The Motion to Dismiss

The present Motion to Dismiss ("Motion") was filed jointly by Defendants Aurora and MERS, though MERS is no longer a party to this action.  Defendant Aurora argues that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to allege facts sufficient to constitute a cause of action against Defendant and because Plaintiffs have failed to cure the defects noted by the Court in the Order granting the prior Motion to Dismiss.  Motion at 1.  Defendant also argues that Plaintiffs lack standing to bring any cause of action because they "failed to allege the present ability to tender or to make an actual tender of the principle amount owed in cash or cash equivalent."  *Id.*

Defendant asserts that the Plaintiffs' first and fourth causes of action for fraud in the inducement and constructive fraud fail to state claims because under Federal Rule of Civil Procedure 9(b), a cause of action for fraud must be pled with particularity.  *Id.* at 5.  Defendant argues that Plaintiffs have not identified a single statement or misrepresentation made by Defendant, nor have they "identified any false statements made by Aurora, the name of the person who spoke, his or her capacity to speak, the person to whom the speech was addressed, what was said, and when it was said," as required in a fraud action.  *Id.*

Defendant argues that Plaintiffs' second claim for unconscionability should be dismissed because the question of whether a contract is unconscionable is one of law, not fact, to be determined by the Court.  *Id*. at 6.  Defendant argues that the concept of unconscionability requires a

6

showing of both a procedural and a substantive element, and that "Plaintiffs have failed to present even a scintilla of factual support," aside from a conclusory statement regarding the financial intent of the Defendant. *Id.* at 6.

Defendant argues that Plaintiffs' third claim alleging unfair lending practices should be dismissed because Plaintiffs have "fail[ed] to provide any factual support with their allegation." *Id.* at 7. They further claim that the Plaintiffs' shifting allegations regarding this claim make it difficult for Aurora to ascertain the true allegation against them. *Id.*

Defendant argues that Plaintiffs' fifth claim for negligence should be dismissed because Defendant does not owe Plaintiffs a "special" duty. *Id.* at 7. Defendant further argues that Plaintiffs' negligence claim is an improper attempt to convert a contract claim into a tort claim and is thus not a proper cause of action. *Id.* at 7-8.

With respect to the sixth claim, Defendant argues that Plaintiffs' predatory lending practices claim should be dismissed because Plaintiffs did not comply with the Court's Order and did not state why their loan was "covered" under Section 4970 of the California Financial Code, or which predatory lending practices the Defendant was involved in, making it difficult for Defendant to respond to the allegations. *Id.* at 10.

Finally, Defendant argues that Plaintiffs' seventh claim, brought under "TILA/HOEPA/REGULATION Z/HUD" should be dismissed because none of the federal statutes recited in the caption states a claim upon which relief can be granted. *Id.* at 10. Defendant argues that Plaintiffs do not identify what disclosures were omitted, and further, that Defendant is not a "creditor" within the meaning of TILA and therefore Plaintiffs cannot state a claim for relief against Defendant. *Id.* In support, Defendant argues that because Aurora is not a party "initially payable on the face of the Note and Deed of Trust executed by Plaintiffs, and instead acted as a nominal beneficiary and servicer of the loan, Defendant was not a creditor under TILA or Regulation Z." *Id.* Defendant further argues that Plaintiffs' claim fails because they have not demonstrated an ability to tender the balance due on the Note, as required under TILA for rescission. *Id.* at 11. Because Plaintiffs cannot meet their obligation by paying the principal if Defendant were to release its lien, Plaintiffs have not and cannot rescind their mortgage loan. *Id.* Defendant also argues that Plaintiffs'

United States District Court

For the Northern District of California

1 claim for damages under TILA is barred by the statute of limitations because they must file suit

2 within one year of the date of the alleged violation, and Plaintiffs did not file suit until nearly four

3 years after the statute of limitations had expired. *Id.* at 12-13.

4       With respect to Plaintiffs' reference to HOEPA, Defendant argues that Plaintiffs cannot state

5 a claim for HOEPA because nothing in the Amended Complaint alleges Plaintiffs have a high-cost

6 mortgage that would trigger HOEPA coverage. *Id.* at 14.

7       Defendant thus requests that the Court dismiss the claims with prejudice. *Id.*

8     **D.**     **Requests for Judicial Notice**

9       Plaintiffs have filed a Request for Judicial Notice ("RJN") for thirteen documents in support

10 of the First Amended Complaint. Dkt No. 36, Exhibits A-M. Defendant Aurora has also filed a

11 RJN for seven documents in support of its Motion to Dismiss. Under Rule 201 of the Federal Rules

12 of Evidence, a court may take judicial notice of a fact that is not "subject to reasonable dispute"

13 because "it is either (1) generally known within the territorial jurisdiction of the trial court or (2)

14 capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

15 be questioned." Fed. R. Evid. 201(a). Judicial notice "may be taken at any stage of the proceeding."

16 Fed. R. Evid. 201(f). Further, judicial notice is mandatory "if requested by a party and supplied with

17 the necessary information." Fed. R. Evid. 201(d).

18       Plaintiffs ask the Court to take judicial notice of the following documents:

19 Exhibit "A"     Opinion and Order, *Rinegard-Guirma v. Bank of America et al.*, Civil Case No. 10-

20                 1065-PK (D. Or. Oct. 6, 2010).

21 Exhibit "B"     Opinion and Order, *Aurora Loan Services, LLC v. Da Costa et al.*, Civil Case No. 09-

22                 142-CA (Fl. Cir. Ct. Apr. 28, 2009).

23 Exhibit "C"     Consent Order No. NE-11-16, *In the Matter of Aurora Bank FSB*, Docket No. 06069,

24                 Office of Thrift Supervision, Apr. 13, 2011.

25 Exhibit "D"     Substitution of Trustee executed on February 19, 2009, recorded on April 3, 2009, in

26                 the Contra Costa County Recorder's Office as Instrument Number 09-71718.

27

28

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| 1 | Exhibit "E" | Substitution of Trustee and Reconveyance executed on July 24, 2006, recorded on |
| 2 | | August 3, 2006, in the Contra Costa County Recorder's Office as Instrument Number |
| 3 | | 06-0246709. |
| 4 | Exhibit "F" | Substitution of Trustee and Reconveyance executed on July 3, 2006, recorded on July |
| 5 | | 14, 2006, in the Contra Costa County Recorder's Office as Instrument Number 06- |
| 6 | | 0223482. |
| 7 | Exhibit "G" | Full Reconveyance executed on October 20, 2005, recorded on November 4, 2005, in |
| 8 | | the Contra Costa County Recorder's Office as Instrument Number 05-0429942. |
| 9 | Exhibit "H" | California Reconveyance executed on July 15, 2005, recorded on July 21, 2004, in |
| 10 | | the Contra Costa County Recorder's Office as Instrument Number 05-0270514. |
| 11 | Exhibit "I" | Substitution of Trustee executed June 23, 2004, recorded on October 7, 2004, in the |
| 12 | | Contra Costa County Recorder's Office as Instrument Number 04-0387357. |
| 13 | Exhibit "J" | Tulare County Recorder's Office Official Records Database Document Details for |
| 14 | | Document Nos. 04-0054029, 11-0018384 to 18386, 10-0054608 to 54609, 02- |
| 15 | | 0022690, 04-0106368. |
| 16 | Exhibit "K" | California Secretary of State Website Page for Paul Financial, LLC and Foundation |
| 17 | | Conveyancing, LLC. |
| 18 | Exhibit "L" | Letter and Special Forbearance Agreement (unsigned copy) between Aurora Loan |
| 19 | | Services and the Austeros. |
| 20 | Exhibit "M" | Austeros' Uniform Residential Loan Application and Full Appraisal for 1510 |
| 21 | | Fairview Ave., Brentwood, CA. |

22    The documents marked as Exhibits A - C in Docket No. 36 are decisions from other courts

23 and an administrative agency.  The Court may take judicial notice of documents filed in another

24 court or which document an administrative proceeding; however, the Court does not rely upon these

25 documents to resolve disputed issues of fact.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th

26 Cir. 2001) (noting that "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of

27 another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the

28 existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" (quoting

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).  Exhibits marked D-K are matters of public record, and the Court may recognize them on the basis that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *See Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 (Fed. Cir. 1990) (public records "may be judicially noticed") (citing *Massachusetts v. Westcott*, 431 U.S. 322, 323 n. 2, 97 (1977)).

The letter, Special Forbearance Agreement, Residential Loan Application, and appraisal (Exhibits L-M) are not matters of public record.  Documents that are not matters of public record may not be judicially recognized by the court.  *See Orcilla v. Bank of America, N.A.*, 2010 WL 5211507, *2 (N.D. Cal. Dec. 16, 2010).  However, under the "incorporation by reference" rule, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  These documents will merely be considered, and they will not be judicially noticed.  *See Pham v. Bank of America, N.A.*, 2010 WL 5018428, *2 (N.D. Cal. Dec. 3, 2010).  The First Amended Complaint contains references to a "workout agreement" between Plaintiffs and Defendant Aurora, as well as a reference to "two forbearance agreements" between the same parties; both references appear to refer to the Special Forbearance Agreement.  Amended Compl. at 17, ¶ 46; *id.* at 19, ¶ 4.  As they are referenced in the Amended Complaint, the court will consider the documents.  However, judicial notice as to Exhibits L to M is denied, as they are not part of the public record.

As such, Plaintiffs' requests are GRANTED in part and DENIED in part.

Defendant's RJN asks the Court to take judicial notice of the following documents:

Exhibit "A"    Deed of Trust executed on June 23, 2009, recorded on June 30, 2009, in the Contra Costa County Recorder's Office as Instrument Number 2006-0208238-00.

Exhibit "B"    Deed of Trust executed on June 23, 2009, recorded on June 30, 2009, in the Contra Costa County Recorder's Office as Instrument Number 2006-0208239-00.

| | | |
|---|---|---|
| Exhibit "C" | Notice of Default executed on February 19, 2009, recorded on February 19, 2009, in the Contra Costa County Recorder's Office as Instrument Number 09-34618. |
| Exhibit "D" | Substitution of Trustee executed on February 19, 2009, recorded on April 3, 2009, in the Contra Costa County Recorder's Office as Instrument Number 09-71718. |
| Exhibit "E" | Notice of Trustee's Sale executed on December 7, 2010, recorded on December 17, 2010, in the Contra Costa County Recorder's Office as Instrument Number 10-286634. |
| Exhibit "F" | Corporate Assignment of Deed of Trust executed on December 14, 2010, recorded on December 21, 2010, in the Contra Costa County Recorder's Office as Instrument Number 10-289427. |
| Exhibit "G" | Trustee's Deed Upon Sale recorded on March 7, 2011, in the Contra Costa County Recorder's Office as Instrument Number 11-48869. |

The documents marked as Exhibits A - G are matters of public record.  Therefore, the Court takes judicial notice of Defendant's exhibits on the same basis stated above regarding public records. *See Standard Havens*, 897 F.2d at 514 (public records "may be judicially noticed") (citing *Massachusetts v. Westcott*, 431 U.S. 322, 323 n. 2, 97 (1977)).  Defendant's requests for judicial notice are GRANTED.

### E.    Plaintiffs' Opposition to Motion to Dismiss

The Plaintiffs' Opposition asserts that Aurora and Quality Loan Service have violated § 2924 *et seq.* of the California Civil Code, and that their Motion to Dismiss should be denied on that basis. Opposition to Motion to Dismiss ("Opposition") at 8.  The first six pages of the Opposition set forth the role of MERS and the Office of Thrift Supervision in the sub-prime mortgage crisis. *Id.* at 1-6. Plaintiffs then list documents they allege they should have received under the statute, as well as procedures the Defendant did not conform to based on Section 2924 *et seq.*, which describes the proper procedure of a non-judicial foreclosure, as well as the scope and form of notice required for non-judicial foreclosure. *Id.* at 8.  Plaintiffs do not specify which sections of that statute serve as the basis for their request, nor do they cite sections of the statute for their more specific allegations or statements regarding required documents.  *See id.* at 6-8.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**F.      Defendant Aurora's Reply to Plaintiffs' Opposition to the Motion to Dismiss**

The Reply states that Plaintiffs' additional allegations in the Opposition are improper and that Plaintiffs continue to misstate the law and provide misleading facts.  Reply 2.  Defendant states that Plaintiffs are attempting to add requirements to the statutory procedure for non-judicial foreclosure by stating required documents and notice procedures that are not actually contained in the statute which Plaintiffs cite.  *Id.* at 3.  Defendant further notes that various cases have held that the statute is the sole source of law regarding the requirements of non-judicial foreclosure, and that the courts cannot "manufacture an additional duty" regarding non-judicial foreclosure.  *Id.*

## III.      ANALYSIS

### A.      Motion to Dismiss

#### 1.      Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  Generally, a plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  However, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable theory."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original)).  Though a complaint does not need detailed factual allegations, plaintiffs are obligated to provide the basis for their "entitle[ment] to relief", which requires more than mere labels, conclusions, or a list of the elements of the cause of action alleged.  *Id.* at 555.  For purposes of resolving a Rule 12(b)(6) motion, courts accept all allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party.  *Nat'l Wildlife Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir. 1995).

United States District Court

For the Northern District of California

### 2.   Fraud in the Inducement and Constructive Fraud - Claims 1 & 4

#### a.   Legal Standard

The elements of a fraud claim in California are: (1) misrepresentation; (2) knowledge of the falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). The plaintiff must include "the who, what, when, where, and how" of the fraud. *Id.* at 1106 (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). A claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

#### b.   Application of the Law to the Facts

Defendant argues that Plaintiffs fail to meet the heightened pleading standard required for alleging fraud pursuant to Rule 9(b). The Court agrees. Plaintiffs have not satisfied the pleading standard for fraud because they have not provided any of the requisite details giving notice to Defendant of what, specifically, it is alleged to have done.

Plaintiffs have two fraud-based claims. The first, Claim One, is for fraud in the inducement, alleging that the Defendant was aware that the Plaintiffs were not qualified for their loan, that the loan would be classified as "sub-prime," or that it would be securitized and sold, and that the "true terms of the loan" and other risks were concealed during the loan transaction. Amended Compl. at 12-14. The Plaintiffs do not sufficiently plead the elements of fraud, nor do they provide any factual or legal support for those elements they do plead. The claim's lack of specificity regarding the Defendant's fraudulent statements or actions does not fulfill the requirements of Rule 9(b).

The next fraud claim, Claim Four, is for constructive fraud. This claim similarly fails. Plaintiffs make only conclusory statements as to the validity of the transfer of rights under the Note and Deed of Trust, but do not state why those transfers were fraudulent. The Plaintiffs give no facts

United States District Court

For the Northern District of California

1  in support of any of their allegations, nor do the Plaintiffs state any actions on the part of the

2  Defendant aside from the legal conclusion that the Defendant's foreclosure on their house was

3  illegal.

4        The Plaintiffs have been given a previous opportunity to amend these claims in order to

5  provide the requisite details regarding the alleged fraudulent activity on the part of the Defendant.

6  Plaintiffs have, again, failed to do so.  Accordingly, Plaintiffs' fraud claims (Claim 1 and Claim 4)

7  are DISMISSED WITH PREJUDICE.

8                    **3.        Unconscionability** - **Claim 2**

9                         **a.        Legal Standard**

10       Under California law, a contract is unconscionable if it is both procedurally and substantively

11  unconscionable.  *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citing

12  *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002); *Armendariz v.*

13  *Found. Health Psychare Servs., Inc.*, 24 Cal.4th 83, 102 (2000)).  A contract may be procedurally

14  unconscionable if it involves oppression or surprise.  *Id.* at 1171.  For example, in *Ingle*, the court

15  concluded that the arbitration agreement was procedurally unconscionable because of the inequality

16  of bargaining power between the employer and the potential employee, noting that job applicants

17  could not modify the terms of the agreement, but rather, were required to either take it or leave it.

18  *Id.*  A contract is substantively unconscionable where it is "'so one-sided as to shock the

19  conscience.'" *Id.* (citing *Kinney v. United Health Care Servs., Inc.*, 70 Cal.App.4th 1322, 1330

20  (1999).

21  California Civil Code § 1670.5(a) provides:

22         If the court as a matter of law finds the contract or any clause of the contract to have been
           unconscionable at the time it was made the court may refuse to enforce the contract, or it
23         may enforce the remainder of the contract without the unconscionable clause, or it may so
           limit the application of any unconscionable clause as to avoid any unconscionable result.
24

25  "As [§ 1670.5] suggests, a finding of procedural unconscionability does not mean that a contract will

26  not be enforced, but rather that courts will scrutinize the substantive terms of the contract to ensure

27  they are not manifestly unfair or one-sided ... [T]here are degrees of procedural unconscionability.

28  Although certain terms in these contracts may be construed strictly, courts will not find these

United States District Court

For the Northern District of California

1  contracts substantively unconscionable, no matter how one-sided the terms appear to be." *Flagship*

2  *West, LLC v. Excel Realty Partners, L.P.*, 2010 WL 5329874 at * 27 (E.D.Cal. Dec. 20, 2010).

3                              **b.        Application of the Law to the Facts**

4          As with their original Complaint, Plaintiffs' allegations of unconscionability in the First

5  Amended Complaint are conclusory statements of the law, and do not state a claim.  Plaintiffs do not

6  provide any facts to support their claim, nor do they identify how the loan contract is either

7  procedurally or substantively unconscionable.

8          The main allegation in this claim appears to be that Aurora's denial of a permanent loan

9  modification following a period of payment under the workout agreement is illegal.  To the extent

10 Plaintiffs are attempting to bring a claim under California's Perata Mortgage Relief Act, the Court

11 finds this claim to be without merit.  The Perata Mortgage Relief Act provides that a "mortgagee,

12 beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to

13 assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."

14 Cal.Civ.Code § 2923.5(a)(2).  Another section of the Act, describing the offer of loan modifications

15 or workout plans, states: "It is the intent of the Legislature that the mortgagee, beneficiary, or

16 authorized agent offer the borrower a loan modification or workout plan if such a modification or

17 plan is consistent with its contractual or other authority", conditioned on the basis that the loan

18 modification occur when the loan is in payment default, and that the modification has a higher

19 anticipated net recovery than a foreclosure.  Cal.Civ.Code § 2923.6(a)-(b).  However, courts have

20 construed the requirements of this section narrowly; once an assignee has contacted the defaulting

21 homeowner and explored alternatives to foreclosure, such as loan modification, the assignee is not

22 required to actually permanently modify mortgage loans following attempts to modify.  *See e.g.,*

23 *Ortiz v. Accredited Home Lenders, Inc.*, 639 F.Supp.2d 1159, 1165-66 (S.D.Cal. 2009); *see also*

24 *Mabry v. Superior Court*, 185 Cal.App.4th 208, 223, 231 (2010) (noting that there is no right to loan

25 modification provided by the statute, and that interpreting the statute to require loan modification

26 would cause the statute to "run afoul of federal law").  Thus, Plaintiffs' allegations in their second

27 claim for unconscionability, to the extent that they are based upon Defendant's failure to agree to a

28 permanent loan modification, fail as a matter of law.

Plaintiffs' second claim for unconscionability is DISMISSED WITH PREJUDICE.

**4.    Unfair Lending Practices and Breach of Duty of Good Faith and Fair Dealing - Claim 3**

Plaintiffs identify Cal. Civ. Code § 2924 *et. seq.* in their claim for unfair lending practices and breach of the duty of good faith and fair dealing.  The Court construes Plaintiffs' third claim as alleging a violation of this statute's requirements for valid transfer and non-judicial foreclosure on a mortgaged property.

**a.    Legal Standard**

Section 2924 confers the power of sale upon any "mortgagee, trustee, or any other person", subject to the requirements set forth in the statute.  Cal. Civ. Code § 2924(a).  The first requirement is that the "trustee, mortgagee, or beneficiary, or any of their authorized agents" file a notice of default with the recorder of the county where the property is located.  *Id.* at (a)(1).  This notice of default requires identifying and recording information for the property and the mortgage, a statement that a breach of the mortgage terms has occurred, an explanation of the nature of each breach, and a statement of the beneficiary's decision to satisfy the original obligation through sale of the property. *Id.* at (a)(1)(A-D).  The requisite language of notice to the defaulting party is detailed in Section 2924c.  The next requirement is that three months elapse between the filing of the notice of default and the foreclosure sale.  Cal. Civ. Code § 2924(a)(2).  Following the three-month waiting period, within five days before the lapse of the total three months, the "mortgagee, trustee, or other person authorized to take the sale" must give notice of the sale, including the time, place, and manner of sale. *Id.* at (3).  This notice must be for the amount of time stipulated in § 2924f (20 days for each possible manner of notice, including public posting, publication, and notice to defaulting owner, meaning that sale cannot occur before 3 months and 20 days after notice of default).  Cal. Civ. Code § 2924f(b)(1).  If these requirements are followed, the foreclosure sale is valid.  *See* Cal. Civ. Code § 2924(c).

The Plaintiffs also allege a breach of the duty of good faith and fair dealing.  "Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement."  *Diaz v. Federal Express Corp.*, 373 F.Supp.2d 1034, 1066 (C.D.Cal. 2005) (citations omitted).  The implied covenant of good faith and fair dealing is a supplement to an existing contract

and does not impose duties upon the parties prior to the formation of a contract.  *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799 (2008).  In order to state a claim for breach of the implied covenant of good faith and fair dealing, the party must allege facts that "go beyond the statement of a mere contract breach."  *Careau & Co v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).  In addition, the conduct allegedly committed must have been prompted by a "conscious and deliberate act, which unfairly frustrate[d]" the purposes of the parties' contract.  *Id.*

In the context of mortgage foreclosures, courts applying California law generally have been reluctant to permit borrowers to assert claims arising out of forbearance agreements such as the one that is at issue in this case, whether styled as claims for breach of contract, conversion or fraud.  *See, e.g. Mehta v. Wells Fargo Bank, N.A.*, 737 F.Supp.2d 1185 (S.D.Cal. Aug. 26, 2010) (holding that plaintiff could not state a claim for breach of contract based on promise to delay foreclosure sale); *Smith v. National City Bank*, 2010 WL 1729392 (N.D.Cal. April 27, 2010) (holding that plaintiff failed to state a claim for breach of contract based on forbearance agreement); *Newgent v. Wells Fargo Bank, N.A.*, 2010 WL 761236 (S.D.Cal. March 2, 2010) (holding that plaintiff could not state a claim for conversion based on promise to delay foreclosure if plaintiff submitted partial payment in specified amount); *Auerbach v. Great Western Bank*, 74 Cal.App.4th 1172 (1999) (holding that plaintiff could not state a claim for fraud based on a promise to engage in negotiations to modify loan if plaintiffs continued to make payments under deed of trust).

**b.      Application of the Law to the Facts**

The basis of Plaintiffs' unfair lending practices and breach of the duty of good faith and fair dealing claims is that the process of foreclosure on the part of Aurora was fraudulent.  Plaintiffs do not identify which provisions of Section 2924 *et seq.* were violated by the Defendant.  Furthermore, Plaintiffs offer only conclusory statements as to the purported violations without offering factual support.  As Plaintiffs have been given a previous opportunity to amend this claim, the Court finds that it is unlikely that these defects can be cured by further amendment.  This claim is DISMISSED WITH PREJUDICE.

### 5.      Negligence  - Claim 5

#### a.      Legal Standard

To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff.  *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide."  *Vasquez v. Residential Invs, Inc.*, 118 Cal.App.4th 269, 278 (2004).  As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095-96 (1991) (citations omitted).

In California, the test for determining whether a financial institution exceeded its role as money lender and thus owes a duty of care to a borrower-client involves "the balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm."  *Id.* at 1098.

#### b.      Application of the Law to the Facts

Plaintiffs' allegations of negligence are largely directed at MERS, a defendant who Plaintiffs have since dismissed from the case.  The remaining allegations are that the transfer of the Note and Deed of Trust were invalid, and that Plaintiffs were "substantially harmed by the overall fraudulent scheme administered by Defendants."  Amended Compl. 20-21 at ¶ 10.  Here, Plaintiffs do not allege sufficient facts that a duty of care exists on the part of Aurora as assignee of the original beneficiary, MERS.  Furthermore, Plaintiffs do not sufficiently state what breach has occurred, aside from conclusory statements pertaining to fraud.  As with the original Complaint, Plaintiffs' incomplete recitation of two elements required for a negligence claim does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).  This claim is DISMISSED WITH PREJUDICE.

United States District Court

For the Northern District of California

### 6.    Predatory Lending Practices - Claim 6

#### a.    Legal Standard

Aside from general references to legal standards governing notice, Plaintiffs do not indicate under which statute they bring their claim for predatory lending practices.  Under California law, Financial Code § 4970, *et seq.*, prohibits predatory lending practices pertaining to "covered loans."  Section 4970 provides:

> (b) "Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> > (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
> >
> > (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Furthermore, the nature and extent of the duties of the trustee in non-judicial foreclosure are defined by the deed of trust and the governing statutes; no other common law duties exist.  *Pro Value Properties, Inc. v. Quality Loan Service Corp*, 170 Cal.App.4th 579, 583 (2009).  During the foreclosure process on a deed of trust, a trustee owes no duty to provide notices to any person unless the trust deed or the statute specifically provides for such notice.  *Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc*., 180 Cal.App.4th 1090, 1097-98 (2009).  California law further states that possession of the note is not a precondition to non-judicial foreclosure under a deed of trust; instead, the trustee has the right to initiate the foreclosure process.  *Hafiz v. Greenpoint Mortg.. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D.Cal. July 16, 2009).

#### b.    Application of the Law to the Facts

Plaintiffs allege that Aurora wrongfully foreclosed on Plaintiffs' property.  They state that Aurora did not fulfill its burden as a foreclosing party of showing that "[Defendants] were proper parties authorized to enforce the terms of the Deed of Trust and Note."  Amended Compl. 25 at ¶ 24. Plaintiffs further allege that the note's "negotiability" was destroyed when the note was "pooled and sold", and that it is no longer for a "sum certain."  *Id.* at ¶ 25.  Plaintiffs do not cite any relevant

**United States District Court**
For the Northern District of California

1   statute or law under which Defendant's alleged behavior is prohibited.  Vague allegations containing

2   mere labels and conclusions are insufficient to survive a motion to dismiss.  *See Twombly*, 550 U.S.

3   at 555.

4        Plaintiffs have failed to allege facts indicating that the subject loan qualifies as a "covered

5   loan" under Section 4970.  The allegations also fail to meet the pleading requirements of Rule 8(a).

6   As such, Plaintiffs' claim for predatory lending fails.  It is unlikely that amendment of this claim

7   would correct its defects.  Accordingly, this claim is DISMISSED WITH PREJUDICE.

8          **7.**     **"TILA/HOEPA/REGULATION Z/HUD[4]" - Claim 7**

9            **a.**     **Legal Standard for TILA/HOEPA/REGULATION Z/HUD**

10       The Truth in Lending Act ("TILA") is a consumer protection statute that aims to "avoid the

11  uninformed use of credit."  15 U.S.C. §1601(a).  TILA "has the broad purpose of promoting 'the

12  informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers."  *Ford*

13  *Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601).  The statute

14  "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with

15  things like finance charges, annual percentage rates of interest, and the borrower's rights."  *Beach v.*

16  *Ocwen Fed. Bank*, 523 U.S. 410, 412  (1998).  The statute is remedial in nature, and is therefore to

17  be construed broadly in favor of the consumer.  *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

18  Even "technical or minor violations" of TILA (or its regulations) may give rise to liability on the

19  part of the creditor.  *Valdez v. America's Wholesale Lender*, 2009 WL 5114305 at *2 (N.D.Cal. Dec.

20  18, 2009) (citations omitted).

21       TILA focuses not only upon the form of a disclosure, but also its accuracy.  *Id.* at *3 (the

22  adequacy of TILA disclosures is to be assessed "from the standpoint of an ordinary consumer, not

23  the perspective of a Federal Reserve Board Member, a federal judge, or an English professor.")

24  (citing *Smith v. Cash Store Mgmt.*, 195 F.3d 325, 327-28 (7th Cir. 1999) (internal quotations

25  omitted).

26

27  ─────────────────

28      [4]Plaintiffs again do not identify in their Complaint any "HUD" provisions allegedly violated.

Congress delegated the task of "elaborat[ing] and expand[ing] the legal framework governing commerce in credit" to the Federal Reserve Board, which "executed its responsibility by promulgating Regulation Z," codified at 12 C.F.R. Part 226. *Ford Motor*, 444 U.S. at 560. A loan disclosure violation under TILA triggers two potential remedies for a borrower: damages, 15 U.S.C. § 1640, and rescission, 15 U.S.C. § 1635. Subsection 1635(b) governs the return of money when a borrower exercises the right to rescind under TILA (*see* 12 C.F.R. § 226.23(a)(3)).

Judge O'Neill of the Eastern District of California granted a defendant mortgage company's motion to dismiss the plaintiffs' TILA rescission claim because the complaint failed to address the plaintiffs' ability to tender loan proceeds and thereby fulfill the consumer's tender obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d). *Garza v. American Home Mortg.*, 2009 WL 188604 at *5 (E.D.Cal. Jan. 27, 2009). The court held that, due to this failure, the complaint lacked a necessary element of a TILA rescission claim. *Id.*

However, as the Ninth Circuit has recognized, "in applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he has received from the lender.'" *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) (citing *Ljepava v. M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1974)). The decision falls within the court's equitable discretion, "taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds." *Id.* at 1173.

Judge Guilford of the Central District of California has clarified that the Ninth Circuit's decision in *Yamamoto* stands only for the proposition that courts have "'equitable discretion to modify rescission procedures.'" *Avila v. Stearns Lending, Inc.*, 2008 WL 1378231 at *2 (C.D.Cal. April 7, 2008) (quoting *Yamamoto*, 329 F.3d at 1173). There, the court recognized that courts have invoked this equitable discretion to grant the consumer the opportunity to fulfil their tender obligation over an extended period of time. *Id.* As the court explained, "[t]his discretion can be exercised in favor of lenders, by requiring borrowers to make a showing of their ability to pay a lump sum, or in favor of borrowers, by allowing them to fulfill their tender obligations by making payments over time." *Id.* (citing *In re Stuart*, 367 B.R. 541, 552 (Bankr. E.D.Pa. 2007)).

With respect to the scope of TILA liability, Defendant Aurora's assertion that it is not liable under TILA because it is not a "creditor" is incorrect.  TILA does provide for liability for assignees of the original creditor.  15 U.S.C.A. § 1641(a).  However, this liability is limited to situations where "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary."  *Id.*  Such a violation can include, but is not limited to "(1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by th[e] subchapter."  Though the Ninth Circuit has not interpreted this provision, other Circuits have addressed it.  The Seventh Circuit has only extended liability to "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents."  *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998).  The Fifth Circuit has agreed with this interpretation, further noting that liability can only arise from assigned documents so as not to imply a duty of inquiry; the Eleventh Circuit has similarly agreed.  *See Green v. Levis Motors*, Inc., 179 F.3d 286, 295 (5th Cir. 1999); *see also Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 709 (11th Cir.1998).

### b.       Application of the Law to the Facts

Plaintiffs allege under TILA that they were "forced to conduct independent research to discover the securitization of the Note" and that Defendant failed to prove who the legal owner of the Note was or to disclose finance charges or the "Yield Spread Premium."  Amended Compl. at 28-29, ¶¶ 36, 38.  Though Plaintiffs have provided greater detail, as requested in the Court's first Order, the Plaintiffs have still not alleged adequate information to state a claim under TILA.  The Plaintiffs have not provided any facts regarding their ability to tender.  This ability is required to recover under TILA, and the allegations of facts pertaining to the ability to tender was addressed in the previous Order granting the Motion to Dismiss with Leave to Amend.  Similarly, Plaintiffs have not provided any facts to support equitable tolling, which was also discussed in the Court's previous order.  Regardless of the Court's discretion regarding rescission procedures, without such facts the Plaintiffs' claim is time-barred.  Finally, Plaintiffs have not adequately pled facts to support

1  Aurora's liability as assignee of the original beneficiary and creditor, as they do not state which

2  documents or which sections of those documents are plain violations of TILA.

3     The only allegations specific to HOEPA and the Federal Trade Commission Act within the

4  First Amended Complaint are that the Defendant engaged in deceptive practices and thus violated

5  those statutes.  The Plaintiffs do not cite specific sections of the invoked statutes and do not allege

6  facts in support of their claims under the statutes.

7     Given the Plaintiffs' failure to provide facts to support the claim's conclusory legal

8  statements, Claim 7 is DISMISSED WITH PREJUDICE.

9  **IV.    CONCLUSION**

10     For the foregoing reasons, the Motion to Dismiss is GRANTED as follows:

11     1) Defendant's Motion to Dismiss the fraud in the inducement claim (Claim 1) is GRANTED

12  WITHOUT LEAVE TO AMEND.  Defendant's Motion to Dismiss the constructive fraud claim

13  (Claim 4) is GRANTED WITHOUT LEAVE TO AMEND.

14     2) Defendant's Motion to Dismiss the unconscionability claim (Claim 2) is GRANTED

15  WITHOUT LEAVE TO AMEND.

16     3) Defendant's Motion to Dismiss the unfair lending practices claim (Claim 3) is GRANTED

17  WITHOUT LEAVE TO AMEND.

18     4) Defendant's Motion to Dismiss the negligence claim (Claim 5) is GRANTED WITHOUT

19  LEAVE TO AMEND.

20     5) Defendant's Motion to Dismiss the predatory lending practices claim (Claim 6) is

21  GRANTED WITHOUT LEAVE TO AMEND.

22     6) Defendant's Motion to Dismiss the TILA/HOEPA/REGULATION Z/HUD claim

23   (Claim 7) is GRANTED WITHOUT LEAVE TO AMEND.

24  All claims are DISMISSED WITH PREJUDICE.  The Clerk shall close the file.

25     IT IS SO ORDERED.

26  Dated: August 3, 2011

27

28                                    _____
                                    JOSEPH C. SPERO
                                    United States Magistrate Judge